UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEI PENG,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security, et al.,<br><br>                              Respondents. | Case No.:  26-CV-1329 JLS (SBC)<br><br>**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR APPOINTMENT OF INTERPRETER**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Petitioner Lei Peng's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Appointment of Interpreter ("Mot.," ECF No. 2).  Also before the Court is Respondents' Return to Habeas Petition and Notice of Non-Opposition ("Ret.," ECF No. 5).  Petitioner did not file a Traverse.  *See generally* Docket.  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus and **DENIES AS MOOT** the Motion for Appointment of Interpreter.

## BACKGROUND

Petitioner, a citizen of China, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since August 15, 2025.  Pet. ¶ 3.

1

Petitioner originally entered the United States on a B2 Visitor's visa on December 26, 2023, and applied for asylum in 2024. *Id.* ¶ 1. He later obtained a 180-day work permit. *Id.* On August 12, 2025, while driving around San Diego for work, Petitioner accidentally drove into Mexico during rush hour. *Id.* ¶ 2. Immediately thereafter, Petitioner's attorney completed an I-131 and a request for parole to allow Petitioner to return to the United States to pursue his asylum claim. *Id.* On August 15, 2025, Petitioner was apprehended at the U.S.-Mexico border. *Id.* ¶ 3. Respondents charged Petitioner with entering the United States without inspection and valid immigration documents and initiated removal proceedings. *Id.* ¶¶ 5, 36. Petitioner was denied release by DHS and twice denied a bond hearing on jurisdictional grounds by an Immigration Judge. *Id.* ¶¶ 6–7. Petitioner alleges that his detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *See generally id.* Respondents do not oppose a bond hearing for Petitioner in this matter. Ret. at 1.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

/ / /

26-CV-1329 JLS (SBC)

**DISCUSSION**

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing, and Respondents do not oppose this relief. Ret. at 1. Petitioner's length of detention, over seven months, without a bond hearing weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 2025 WL 3154520, at *4 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioner.

26-CV-1329 JLS (SBC)

As to the likely duration of future detention, the Court finds that the outcome of Petitioner's merits proceedings is unknown, and any appeals to follow may take several years. *See Guatam*, 2026 WL 25846, at *5 ("[A] removal order may not become final until after the appeals Petitioner could file, to both the Board of Immigration Appeals and Ninth Circuit."). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

**I.     Attorney's Fees**

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. at 64. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

<b>CONCLUSION</b>

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), **DENIES AS MOOT** Petitioner's Motion for Appointment of Interpreter (ECF No. 2), and **ORDERS** Respondents to provide Petitioner

26-CV-1329 JLS (SBC)

with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.

The Parties **SHALL** file a Joint Status Report by <u>April 10, 2026</u>, informing the Court of the outcome of the hearing.

Lastly, Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated: March 18, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1329 JLS (SBC)